## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID J. RUDOMETKIN,

    Petitioner,

    v.

MICHAEL JOHNSTON AND CHRISTINE WORMUTH,

    Respondents

Case No. 22-3094-JWL

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner held at the United States Disciplinary Barracks (USDB), commenced this action in May 2022, challenging his continued confinement. For the reasons that follow, the court dismisses this matter.

### Background

Petitioner was convicted on February 2, 2018, by a general court-martial. By an order entered on November 9, 2021, the United States Army Court of Criminal Appeals set aside the findings of guilty and sentence and authorized a rehearing. *United States v. Rudometkin*, 2021 WL 5235100 (A.C.C.A. Nov. 9, 2021).

Petitioner filed the present action on May 10, 2022, seeking a continued confinement hearing, immediate release, and other relief.

On August 15, 2022, the United States Court of Appeals for the Armed Forces reversed the decision of the United States Army Court of Criminal Appeals and ordered the return of the trial record to the Judge Advocate General of the Army for remand to the Court of Criminal

Appeals for review under Article 66, UCMJ, 10 U.S.C. § 866 (2018). *United States v. Rudometkin*, ___ M.J. ___ , 2022 WL 3364139 (C.A.A.F. Aug. 15, 2022).

## Discussion

"Habeas corpus review is available under § 2241 if an individual is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (quoting 28 U.S.C. § 2241(c)(3)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the '"traditional function of the writ is to secure release from illegal custody."' *Id*., (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)).

In this case, due to the reversal of the decision that set aside the findings and sentence in his criminal case, petitioner's challenge to his confinement is moot. The petition no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990).

Next, because petitioner's conviction remains under review in the military courts, a habeas corpus challenge to the validity of the conviction is premature. *See Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)(stating "federal courts normally will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted.")(citing *Gusik v. Schilder*, 340 U.S. 128 (1950) and *Noyd v. Bond*, 395 U.S. 683 (1969)). Petitioner may commence a new petition under § 2241 at the close of military review.

## Conclusion

For the reasons set forth, the court dismisses this matter and will deny petitioner's motion for injunctive relief. The challenge to his continued confinement presented in the petition is now moot, and petitioner must exhaust any claims concerning the validity of his conviction in the military courts before proceeding under § 2241.

THE COURT THEREFORE ORDERS that respondents' motion to dismiss (Doc. 11) is granted.

THE COURT FURTHER ORDERS that respondents' motion to stay (Doc. 6) is denied as moot.

THE COURT FURTHER ORDERS that petitioner's motion for injunctive relief (Doc. 14) is denied.

IT IS SO ORDERED.

Dated: October 21, 2022                /s/ John W. Lungstrum
                                       JOHN W. LUNGSTRUM
                                       UNITED STATES DISTRICT JUDGE