IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID J. RUDOMETKIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KEVIN PAYNE[1]; )<br>CHRISTINE WORMUTH, )<br>)<br>Respondents. )<br>)<br>_____) | Case No. 22-3094-JWL |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner's motion to amend or supplement the petition (Doc. # 23). For the reasons set forth below, the Court **denies** the motion.

After the United States Army Court of Criminal Appeals (ACCA) reversed his military court convictions, *see United States v. Rudometkin*, 2021 WL 5235100 (Army Ct. Crim. App. Nov. 9, 2021), petitioner filed a petition in this Court pursuant to 28 U.S.C. § 2241, in which he challenged his continued confinement during the pendency of the Government's further appeal. While the petition was pending, the United States Court of Appeals for the Armed Forces (CAAF) reversed the ACCA's decision and remanded the case to the ACCA for further proceedings. *See United States v. Rudometkin*, 82 M.J. 396 (Ct. App. Armed Forces 2022). Accordingly, by Memorandum and Order of October 21,

---

[1] The present Commandant of the United States Disciplinary Barracks, where petitioner is confined, has been substituted as the proper respondent.

2022, this Court dismissed the petition as moot, a decision that the Tenth Circuit subsequently affirmed. *See Rudometkin v. Johnston*, 2022 WL 13683938 (D. Kan. Oct. 21, 2022) (Lungstrum, J.), *aff'd sub nom. Rudometkin v. Payne*, 2023 WL 3645158 (10th Cir. May 25, 2023) (unpub. op.).

On September 15, 2023, petitioner filed a "Motion to Amend Pleading," in which he requests leave to "supplement and amend" his petition pursuant to Fed. R. Civ. P. 15(d). Petitioner argues that the military courts lacked jurisdiction because he had been discharged prior to trial, and he seeks to submit evidence relating to that discharge. Respondents filed a brief opposing the motion, but petitioner did not file a reply brief.

The Court agrees with respondents that no relief is warranted here. The Court dismissed the petition, judgment was entered against petitioner, the Tenth Circuit affirmed, and a mandate was issued. Thus, the case is closed, and the petition cannot be amended or supplemented with the case in this posture. The motion might be liberally construed as a request to reopen the judgment (even though no such relief has been requested) under Fed. R. Civ. P. 60, but the Court would deny any such motion, as petitioner has not identified any basis to challenge the Court's ruling that the claims asserted in the original petition are now moot. Indeed, in the motion petitioner does not address the Court's ruling or his original claims at all, but rather appears to seek leave to assert an entirely new claim challenging the military courts' jurisdiction. In light of the judgment dismissing the

original petition, any such new claim may only be asserted by a new petition pursuant to Section 2241. Accordingly, the Court denies the present motion.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion to amend or supplement his petition (Doc. # 23) is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of October, 2023, in Kansas City, Kansas.

     /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] In addition, petitioner has not addressed whether proceedings in the military courts have been concluded, and as the Tenth Circuit noted in its opinion, "federal courts generally refrain from exercising their equitable powers to intervene in ongoing military-court proceedings." *See Rudometkin*, 2023 WL 3645158, at *2 n.4 (citing *Schlesinger v. Councilman*, 420 U.S. 738, 756-58 (1975)).